**U.S. Department of Justice**

Criminal Division

---

Appellate Section                                      Washington, D.C. 20530

August 8, 2025

Hon. Christopher M. Wolpert, Clerk
United States Court of Appeals for the Tenth Circuit
Byron White U.S. Courthouse
1823 Stout Street
Denver, CO 80257

    Re:   *United States v. Tamori Morgan*, No. 24-3141
           Oral argument held July 8, 2025

Dear Mr. Wolpert:

    The United States respectfully calls the Court's attention to *United States v. Bridges*, --- F.4th ---, 2025 WL 2250109, at *1 (6th Cir. Aug. 7, 2025), which held that "18 U.S.C. § 922(o) is constitutional both on its face and as applied" to the defendant in that case.  The Sixth Circuit held that the Supreme Court's recent decisions did not abrogate its prior circuit precedent upholding § 922(o).  *Id.* at *3-4.  But it also held in the alternative that "a fresh application of the *Heller*/*Bruen* text-and-history test yields the same result."  *Id.* at *5.

    *Bridges* correctly held that § 922(o) is constitutional because machineguns are "both dangerous and unusual—not weapons typically possessed by law-abiding citizens for lawful purposes."  *Bridges*, 2025 WL 2250109, at *9.  The court explained that machineguns are designed "to fire as many bullets in as little time as possible," which makes them "exceedingly dangerous and uniquely adapted for unlawful purposes."  *Id.* at *8.  "[T]he machinegun's historical connection to crime in the United States illustrates its lack of connection to lawful purposes."  *Id.*  And the Supreme Court itself has "recognized that machineguns are not weapons typically possessed by law-abiding citizens for lawful purposes."  *Id.* (citing *Staples v. United States*, 511 U.S. 600, 611-12 (1994); *United States v.*

*Thompson/Ctr. Arms Co.*, 504 U.S. 505, 517 (1992) (plurality opinion); *District of Columbia v. Heller*, 554 U.S. 570, 624 (2008)).

*Bridges* supports the government's argument that § 922(o) is consistent with the Second Amendment and that this Court should reverse the district court's contrary holding.

Respectfully submitted,

s/William A. Glaser
WILLIAM A. GLASER
Attorney, Appellate Section
Criminal Division
U.S. Department of Justice
950 Pennsylvania Ave., N.W., Ste. 1264
Washington, DC 20530
(202) 532-4495
William.Glaser@usdoj.gov